UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| B&M LINEN CORP. | : | Case No. 12 B 11560 (ALG) |
| | : | |
| Debtor. | : | |
|_____| : | |
| | : | |
| B&M LINEN CORP. & 220 COSTER LLC. | : | |
| | : | |
| Plaintffs, | : | |
| | : | |
| v. | : | Adv. Pro. No. 12-1885 (ALG) |
| | : | |
| 220 LAUNDRY LLC, ELIOT SPITZER, | : | |
| MICHAEL STEINBERG and ADAM J. TELLER, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| v. | : | |
| | : | |
| MIRON MARKUS and BORIS MARKUS, | : | |
| | : | |
| Additional Counterclaim Defendants. | : | |
|_____| : | |
| 220 LAUNDRY LLC and ELIOT SPITZER, | : | |
| | : | |
| Third-Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MIRON MARKUS and BORIS MARKUS, | : | |
| | : | |
| Third-Party Defendants. | : | |
|_____| : | |

ORDER

This action having been duly removed from the Supreme Court of the State of New York, county of Nassau and transferred to this Court after the filing of the following pleadings:

      a) a Summons and Complaint;

      b) an Answer with Counterclaims and a Third-Party Complaint;

      c) a Reply to Defendants' Counterclaims;

      d) an Answer to the Third-Party Complaint with Counterclaims;

      e) Third-Party Plaintiffs' Reply to Counterclaims;

and the Defendants/ Third-Party Plaintiffs having filed a Motion for Partial Summary Judgment seeking determination as to competing issues of liability; Plaintiffs/ Third-Party Defendants having opposed that motion and filed a Cross-Motion for Summary Judgment; and the Court, having considered all written submissions by the parties and having heard oral argument of the Motion and Cross-Motion for Summary Judgment, and having issued its Memorandum of Decision, dated July 12, 2013, disposing of matters raised by the Motion and Cross-Motion;

NOW, THEREFORE, upon the aforementioned pleadings and proceedings,

IT IS ORDERED, as follows:

1. Plaintiffs' FIRST CAUSE OF ACTION, by which the assert that Defendant 220 Laundry, LLC failed to pay a certain $41,666.67 installment payment under the "First Note", as referenced in the Complaint, is dismissed with prejudice.

2. Plaintiffs' SECOND CAUSE OF ACTION **against 220 Laundry LLC**, by which they seek a money judgment based on acceleration of the First Note by reason of the default alleged in the FIRST CAUSE OF ACTION, is dismissed with prejudice.

3. Plaintiffs' THIRD CAUSE OF ACTION, against Defendants Eliot Spitzer and Adam Teller on the basis of alleged guarantees of the indebtedness of 220 Laundry, is dismissed with prejudice.

4. Plaintiffs' FOURTH CAUSE OF ACTION, **against all Defendants, by which Plaintiffs** they seek a declaration that the purchase transaction encompassed by the Assets Purchase Agreement and Modified Assets Purchase Agreement is reversed and set aside and that the Lease entered into between 220 Laundry, LLC and 220 Coster, LLC is cancelled by reason of the alleged default of 220 Laundry, LLC, is dismissed with prejudice.

5.  **Plaintiffs' FIFTH and SIXTH CAUSES OF ACTION against all Defendants is dismissed against Defendants Spitzer, Steinberg and Teller only, for failure to state a claim for damages against these Defendants**.

~~5~~ 6.  Plaintiffs' SEVENTH CAUSE OF ACTION **against all Defendants, by which Plaintiffs** seek money damages based on an alleged diminution in value of assets contained in the facility, is dismissed with prejudice as those assets were ~~duly transferred to~~ lawfully in the possession and control of 220 Laundry, LLC during such period.

~~6~~ 7.  Plaintiffs' EIGHTH CAUSE OF ACTION, by which Plaintiff 220 Coster, LLC seeks money damages on the basis of alleged damage to the premises owned by 220 Coster, LLC is dismissed ~~with prejudice, being moot by reason of the significant destruction of the premises as a result of a fire which occurred on July 30, 2012, after 220 Coster, LLC wrongfully evicted 220 Laundry, LLC from the premises~~ **against Defendants Spitzer, Steinberg and Teller only, for failure to state a claim against these Defendants**.

8.  **Plaintiffs' TENTH CAUSE OF ACTION is dismissed as against the individual defendants Spitzer, Steinberg and Teller**.

~~7~~ 9.  As to Defendants' FIRST COUNTERCLAIM, the Court declares that Plaintiffs' September 27, 2011 Notice of Default and demand to vacate the business premises was without ~~legal basis and was improper~~ **force and effect**.

~~8~~ 10. As to Defendants' SECOND COUNTERCLAIM, the Court declares that B&M Linen Corp. ~~is~~ **was** in material breach of the Assets Purchase Agreement and Modified Assets Purchase Agreement, by willfully providing false information to 220 Laundry, LLC during the pre-closing due diligence period regarding lawful utility costs necessary for business operations; by denying 220 Laundry, LLC operational access to the facility on and after September 27, 2011; and by wrongfully engaging in the laundry business on and after September 27, 2011 in violation of the restrictions in the applicable agreements.

~~9~~ 11. As to Defendants' THIRD COUNTERCLAIM, the Court declares that B&M Linen Corp. is liable to Defendant 220 Laundry, LLC for ~~all monies received by B&M Linen Corp. on or after September 27, 2011 as a result of laundry operations; must account to 220 Laundry, LLC accordingly; and must make payment to 220 Laundry, LLC in accordance with further proceedings in this action and in the Lead Case~~ **further damages in an amount to be determined**.

~~10.    As to Defendants' FOURTH COUNTERCLAIM, the Court declares that Plaintiffs B&M Linen Corp. and 220 Coster, LLC and Counterclaim Defendants Miron Markus and Boris Markus, tortiously interfered with contracts for laundry services entered into or otherwise running between 220 Laundry, LLC and its customers as of September 27, 2011, and are liable to 220 Laundry, LLC for~~

~~11~~ 12. ~~money damages in an amount to be determined by further proceedings.~~ As to Defendants' FIFTH COUNTERCLAIM, the Court declares that B&M Linen Corp. and Miron Markus fraudulently misrepresented to 220 Laundry, LLC the profitability of the laundry business sold to 220 Laundry, LLC and are liable to 220 Laundry, LLC for monetary damages in an amount to be determined**;** ~~upon further proceedings herein but which include lost anticipated profits, and~~ as to such an award of monetary damages, 220 Laundry reserves its claim for punitive damages.

~~12~~ 13. Third-party Defendants' FIRST COUNTERCLAIM, alleging that Defendants never intended to honor the commitments made in the Assets Purchase Agreement and Modified Assets Purchase Agreement, is dismissed with prejudice.

~~13~~ 14. Third-party Defendants' SECOND **and THIRD** COUNTERCLAIM**S**, alleging that subsequent to the eviction of 220 Laundry, LLC it wrongfully collected certain receivables from customers alleged to be the customers of B &M Linen Corp., is dismissed with prejudice.  Any ~~such~~ sums collected by or on behalf of 220 Laundry, LLC following its wrongful eviction from the premises must be taken into account in determining ~~the~~ **any** monetary damages to which 220 Laundry, LLC ~~is~~ **may be** entitled.

~~14.   Third-party defendants' THIRD COUNTERCLAIM, alleging an ongoing effort by Defendants to collect receivables is dismissed with prejudice.~~

15. Third-party Defendants' FOURTH COUNTERCLAIM, predicated on the contention that customers of 220 Laundry, LLC were customers of B&M Linen Corp., is dismissed with prejudice.

16. ~~The action as to all of~~ There being no claims sustained against the individual Defendants: Eliot Spitzer, Michael Steinberg and Adam J. Teller, **the complaint** is dismissed, with prejudice, **as against them, and their names are deleted as counterclaim defendants, third-party plaintiffs, and counterclaim-defendants on the third-party claims**.

Dated: September 16, 2013
New York, New York

**s/Allan L. Gropper**
UNITED STATES BANKRUPTCY JUDGE